IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

THOMAS F. ANDERSON,                  )
    *pro se* Plaintiff,                      )
                             )
           v.                                )     Civil No. 3:13cv355 (HEH)
                             )
CAROLYN W. COLVIN,                   )
Commissioner of Social Security,     )
    Defendant.                           )
_____)

## REPORT AND RECOMMENDATION

Thomas F. Anderson ("Plaintiff"), proceeding *pro se*, is a 49 year old male who previously worked as a cook and in customer service. Plaintiff applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act ("Act") claiming disability from chest pain and shortness of breath with an alleged onset date of September 15, 2009. The Agency denied Plaintiff's claims both on initial consideration and on reconsideration. An administrative law judge ("ALJ") held an administrative hearing and issued an opinion determining that Plaintiff was not disabled under the Act. On April 17, 2013, the Appeals Council denied Plaintiff's request for review. Plaintiff seeks judicial review of the ALJ's decision in this Court pursuant to 42 U.S.C. § 405(g). This matter comes before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) on Plaintiff's Motion for Summary Judgment (ECF No. 10)[1] and Defendant's Motion for Summary Judgment and Memorandum in Support (ECF No. 18).

---

[1] "A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). Although not filed as a motion for summary judgment, Plaintiff's motion states that the "Social Security

The parties have submitted cross motions for summary judgment, which are now ripe for review. Having reviewed the parties' submissions and the entire record in this case,[2] the Court is now prepared to issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the Court recommends that Plaintiff's Motion for Summary Judgment (ECF No. 10) be DENIED; that Defendant's Motion for Summary Judgment (ECF No. 18) be GRANTED; and that the final decision of the Commissioner be AFFIRMED.

## I. BACKGROUND

Because Plaintiff challenges the ALJ's decision, Plaintiff's education, work history and relevant testimony are summarized below.

### A. Education and Work History

At the time of the hearing, Plaintiff was 46 years old and had earned his GED. (R. at 25-26.) Between 1994 and 2008, Plaintiff worked a labor job in a warehouse. (R. at 210.) Between 1982 and 2005, Plaintiff worked as an office worker (R. at 210.) From at least June 2009 until at least November 2011, Plaintiff worked as a cashier for 1512 Limited. (R. at 189, 193.)

### B. Plaintiff's Testimony

On September 22, 2011, Plaintiff testified before the ALJ at an administrative hearing. (R. at 24-47.) Plaintiff testified that, at that time, he received income working as a cashier. (R.

---

[Administration] has not examine[d] all of [the] medical records properly." (ECF No. 10.) The Court, therefore, will treat Plaintiff's motion as a motion for summary judgment.

[2]      The administrative record in this case has been filed under seal pursuant to E.D. Va. Loc. R. 5 and 7(C). In accordance with these Rules, the Court will endeavor to exclude any personal identifiers such as Plaintiff's social security number, the names of any minor children, dates of birth (except for year of birth), and any financial account numbers from its consideration of Plaintiff's arguments and will further restrict its discussion of Plaintiff's medical information to only the extent necessary to properly analyze the case.

at 26.) His hours varied from about twenty hours per week to forty hours per week. (R. at 27.) Plaintiff had worked at the job for approximately two years. (R. at 27.)

Plaintiff confirmed that he earned approximately $3,190 in the fourth quarter of 2010, $4,350 in the third quarter of 2010 and $3,708 in the second quarter of 2010. (R. at 27.) Further, Plaintiff testified that he had been continuously employed from January 2011 until the date of the hearing in September 2011. (R. at 29.)

He worked for payment at the rate of approximately $7.25 per hour. (R. at 30.) Plaintiff's shifts were approximately six to eight hours at a time. (R. at 43.) Further, he indicated that he had been looking for full-time employment for the past several years. (R. at 40.)

## II. PROCEDURAL HISTORY

On September 22, 2009, Plaintiff protectively filed for DIB and SSI, claiming disability stemming from chest pain and shortness of breath with an alleged onset date of September 15, 2009. (R. at 9, 131-42, 209.) On September 22, 2011, Plaintiff had a hearing before an ALJ, who took testimony from Plaintiff, appearing *pro se*, and a vocational expert ("VE"). (R. at 18-52.) On January 5, 2012, the ALJ issued a decision finding that the Plaintiff was not disabled as defined under the Act, because Plaintiff had engaged in substantial gainful activity. (R. at 6-17.) On April 17, 2013, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner and subject to judicial review by this Court. (R. at 1-4.)

### III. QUESTIONS PRESENTED

1. Does new evidence submitted by Plaintiff warrant remand?

2. Did the ALJ err in failing to consider Plaintiff's medical records?

3. Was the VE's testimony flawed?

### IV. STANDARD OF REVIEW

In reviewing the Commissioner's decision to deny benefits, the Court is limited to determining whether substantial evidence in the record supports the Commissioner's decision and whether the proper legal standards were applied in evaluating the evidence. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citing *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005)). Substantial evidence is more than a scintilla, is less than a preponderance and is the kind of relevant evidence a reasonable mind could accept as adequate to support a conclusion. *Id.*; *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

To determine whether substantial evidence exists, the Court must examine the record as a whole, but may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Hancock*, 667 F.3d at 472 (citation and internal quotation marks omitted); *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589). In considering the decision of the Commissioner based on the record as a whole, the Court must "take into account whatever in the record fairly detracts from its weight." *Breeden v. Weinberger*, 493 F.2d 1002, 1007 (4th Cir. 1974) (quoting *Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474, 488 (1951)) (internal quotation marks omitted). The Commissioner's findings as to any fact, if substantial evidence in the record supports the findings, are conclusive and must be affirmed. *Hancock*, 667 F.3d at 476 (citation

omitted). While the standard is high, if substantial evidence in the record does not support the ALJ's determination or if the ALJ has made an error of law, the district court must reverse the decision. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

A sequential evaluation of a claimant's work and medical history is required to determine if a claimant is eligible for benefits. 20 C.F.R. §§ 416.920, 404.1520; *Mastro*, 270 F.3d at 177. An ALJ conducts the analysis for the Commissioner, and a court must examine that process on appeal to determine whether the ALJ applied the correct legal standards and whether substantial evidence on the record supports the resulting decision of the Commissioner. *See Mastro*, 270 F.3d at 176-77.

The first step in the sequence is to determine whether the claimant was working at the time of the application and, if so, whether the work constituted "substantial gainful activity" ("SGA"). 20 C.F.R. §§ 416.920(b), 404.1520(b). SGA is work that is both substantial and gainful as defined by the Agency in the C.F.R. Substantial work activity is "work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before." 20 C.F.R. § 404.1572(a). Gainful work activity is work activity done for "pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572(b). Taking care of oneself, performing household tasks or hobbies, therapy or school attendance, and the like are not generally considered substantial gainful activities. 20 C.F.R. § 404.1572(c). If a claimant's work constitutes SGA, the analysis ends and the claimant must be found "not disabled," regardless of any medical condition. *Id.*

If the claimant establishes that he did not engage in SGA, the second step of the analysis requires him to prove that he has "a severe impairment . . . or combination of impairments which

5

significantly limit[s] [her] physical or mental ability to do basic work activities." 20 C.F.R.

§ 416.920(c); *see also* 20 C.F.R. § 404.1520(c). To qualify as a severe impairment that entitles

one to benefits under the Act, it must cause more than a minimal effect on one's ability to

function. 20 C.F.R. § 404.1520(c).

At the third step, if the claimant has an impairment that meets or equals an impairment

listed in 20 C.F.R. part 404, subpart P, appendix 1 (listing of impairments) and lasts, or is

expected to last, for twelve months or result in death, it constitutes a qualifying impairment, and

the analysis ends. 20 C.F.R. §§ 416.920(d), 404.1520(d). If the impairment does not meet or

equal a listed impairment, then the evaluation proceeds to the fourth step in which the ALJ must

determine whether the claimant can return to his past relevant work[3] based on an assessment of

the claimant's residual functional capacity ("RFC")[4] and the "physical and mental demands of

work [the claimant] has done in the past." 20 C.F.R. §§ 416.920(e), 404.1520(e). If such work

can be performed, then benefits will not be awarded. *Id.* The burden of proof remains with the

claimant through step four of the analysis, such that he must prove that his limitations preclude

him from performing his past relevant work. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987);

*Hancock*, 667 F.3d at 472.

---

[3]     Past relevant work is defined as SGA in the past fifteen years that lasted long enough for
an individual to learn the basic job functions involved. 20 C.F.R. §§ 416.965(a), 404.1565(a).

[4]     RFC is defined as "an assessment of an individual's ability to do sustained work-related
physical and mental activities in a work setting on a regular and continuing basis. A 'regular and
continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule."
SSR-96-8p. When assessing the RFC, the adjudicator must discuss the individual's ability to
perform sustained work activities in an ordinary work setting on a regular and continuing basis
(*i.e.*, 8 hours a day, 5 days a week, or an equivalent work schedule), and describe the maximum
amount of each work-related activity the individual can perform based on the evidence available
in the case record. *Id.*

However, if the claimant cannot perform his past work, the burden then shifts to the

Commissioner at the fifth step to show that, considering the claimant's age, education, work

experience and RFC, the claimant is capable of performing other work that is available in

significant numbers in the national economy. 20 C.F.R. §§ 416.920(f), 404.1520(f); *Powers v.*

*Apfel*, 207 F.3d 431, 436 (7th Cir. 2000) (citing *Yuckert*, 482 U.S. at 146 n.5). The

Commissioner can carry his burden in the final step with the testimony of a VE. When a VE is

called to testify, the ALJ's function is to pose hypothetical questions that accurately represent the

claimant's RFC based on all evidence on record and a fair description of all of the claimant's

impairments, so that the VE can offer testimony about any jobs existing in the national economy

that the claimant can perform. *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). Only when the

hypothetical posed represents all of the claimant's substantiated impairments will the testimony

of the VE be "relevant or helpful." *Id.* If the ALJ finds that the claimant is not capable of SGA,

then the claimant is found to be disabled and is accordingly entitled to benefits. 20 C.F.R.

§§ 416.920(f)(1), 404.1520(f)(1).

## V. ANALYSIS

A.      The ALJ's Opinion

At step one of the sequential analysis, the ALJ found that Plaintiff had engaged in SGA

since June of 2009. (R. at 11.) The ALJ first addressed Plaintiff's testimony. (R. at 11.) The

ALJ noted that Plaintiff testified that Plaintiff worked as a cashier for approximately twenty to

forty hours each week. (R. at 11.) Plaintiff had worked for about two years. (R. at 11.)

Next, the ALJ assessed documents provided to the ALJ from Plaintiff's employer, 1512

Limited. (R. at 12.) The ALJ determined that Plaintiff earned $6,148 for the six-month period

that 1512 Limited employed him in 2009. (R. at 12.) Further, Plaintiff earned $14,350.43 in

2010. (R. at 12.)  Plaintiff earned $15,022.08 between January 2011 and November 2011 at

1512 Limited.  (R. at 12.)  Finally, the ALJ noted that Plaintiff's employer advised that Plaintiff

worked approximately forty hours each week.  (R. at 12.)

The ALJ determined that Plaintiff had engaged in substantial gainful activity.  (R. at 12.)

Plaintiff had performed his job "long enough to learn it, there [was] no indication that he could

not perform the job or that he was given special consideration, and he earned income averageing

over $1,000 per month."  (R. at 12.)  Further, there had been no continuous twelve-month period

during which Plaintiff had not engaged in that SGA.  (R. at 12.)  As a result, the ALJ determined

that Plaintiff was not under a disability, as defined by the Act.  (R. at 12.)

Plaintiff challenges the ALJ's decision by, first, arguing that the ALJ erred by failing to

review Plaintiff's medical records.  (Pl.'s Mot. for Summ. J. ("Pl.'s Mem.") (ECF No. 10) at 1.)

Further, Plaintiff submitted new medical records in support of his position.  (Pl.'s Resp. to Mot.

for Summ. J. ("Pl.'s Resp.") (ECF No. 20) at 1-2.)  Finally, Plaintiff contends that the VE's

testimony was flawed.  (Pl.'s Resp. at 1-2.)

B.  The Court cannot consider new evidence.

As an initial matter, the Court may not consider new evidence that Plaintiff has submitted

to the Court.  In determining whether the ALJ's decision was supported by substantial evidence,

a district court may not consider evidence that was not presented to the ALJ.  *Smith v. Chater*,

99 F.3d 635, 638 n.5 (4th Cir. 1996) (citing *United States v. Carlo Bianchi & Co.*, 373 U.S. 709,

714-15 (1963)); *Huckabee v. Richardson*, 468 F.2d 1380, 1381 (4th Cir. 1972) (citing *Vitek v.*

*Finch*, 438 F.2d 1157 (4th Cir. 1970)) (noting that reviewing courts are restricted to the

administrative record in determining whether the decision is supported by substantial evidence).

Although the Court may not consider evidence that was not presented to the ALJ, the Act provides that the Court may remand a case for reconsideration in two situations. 42 U.S.C. § 405(g). The first is a "sentence four" remand, which provides that the "court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security with or without remanding the cause for a rehearing." *Id.* The second is a "sentence six" remand, which provides that the court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Id.*

A reviewing court may remand a case on the basis of newly discovered evidence if four prerequisites are met: (1) the evidence must be relevant to the determination of disability at the time that the application was first filed and not be merely cumulative; (2) the evidence must be material; (3) there must be good cause for failure to submit the evidence before the Commissioner; and (4) the claimant must present to the remanding court a general showing of the nature of the new evidence. *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985). New evidence must relate to the determination of disability at the time the application was first filed, and it must not concern evidence of a later-acquired disability, or of the "subsequent deterioration of the previously non-disabling condition." *Id.*; *Szubak v. Sec'y of Health & Human Servs.*, 745 F.2d 831, 833 (citing *Ward v. Schweiker*, 686 F.2d 762, 765 (9th Cir. 1982)). Evidence must also be material to the extent that the Commissioner's decision "might reasonably have been different" had the new evidence been before him. *Borders*, 777 F.2d at 955-56 (citation and internal quotation marks omitted).

9

Plaintiff submitted three additional documents in his Response to Motion for Summary Judgment, which indicated that between November 2012 and September 2013, he had two cardiac catheterizations (ECF Nos. 20-1, 20-2) and suffered an acute kidney injury (ECF No. 20-3.) Because Plaintiff offered new evidence to the Court, the Court will address whether Plaintiff has fulfilled the requirements necessary to justify a sentence six remand.

Plaintiff meets the third and fourth requirements of *Borders* standard for a sentence six remand. 777 F.2d at 955. Good cause exists for Plaintiff's failure to submit the evidence earlier simply because the reports were not completed until after the ALJ's decision. Plaintiff has also made a general showing of the nature of the new evidence, because he has attached the records to his Response.

None of the records, however, constitute evidence that is relevant, non-cumulative and material that warrants a sentence six remand. New evidence must relate to the determination of disability at the time that the application was first filed, and it must not concern evidence of a later-acquired disability, or of the "subsequent deterioration of the previously non-disabling condition." *Borders*, 777 F.2d at 955; *Szubak*, 745 F.2d at 833 (citing *Ward*, 686 F.2d at 765). Evidence must also be material to the extent that the Commissioner's decision "might reasonably have been different" had the new evidence been before him. *Borders*, 777 F.2d at 955-56 (citation and internal quotation marks omitted).

The new evidence fails, because the evidence is not material. The Commissioner's decision reasonably would not have been different had the new evidence been before him. As noted above, the ALJ must engage in a five-step sequential analysis. The first step in the sequence is to determine whether the claimant was working at the time of the application and, if so, whether the work constituted SGA. 20 C.F.R. §§ 416.920(b), 404.1520(b). If a claimant's work constitutes

10

SGA, the analysis ends and the claimant must be found "not disabled" regardless of any condition. *Id.*

In this case, the ALJ determined at step one that Plaintiff engaged in SGA since June 2009. (R. at 11.) Accordingly, the ALJ determined that Plaintiff was not disabled under the Act. (R. at 12.) In accordance with the regulations, the ALJ appropriately ended his analysis and determined that Plaintiff was not disabled under the Act, regardless of any medical condition. It would not be reasonable that the ALJ would have found Plaintiff disabled had the evidence been before the ALJ, because the regulations dictate that if Plaintiff engaged in SGA, Plaintiff is not disabled *regardless of any medical condition*. Accordingly, Plaintiff's submission of new evidence does not warrant a remand.

C.  The ALJ did not err in failing to consider Plaintiff's medical records.

Plaintiff argues that the ALJ erred, because the ALJ did not properly analyze Plaintiff's medical records. (Pl.'s Mem. at 1.) Defendant argues that substantial evidence supports the ALJ's determination that Plaintiff engaged in SGA and, therefore, appropriately did not consider Plaintiff's medical records. (Def.'s Mot. for Summ. J. and Mem. in Supp. ("Def.'s Mem.") (ECF No. 18) at 7-11.) The Court finds that substantial evidence supports the ALJ's determination that Plaintiff had engaged in SGA. As such, Plaintiff is not disabled under the Act, and the Act did not require that the ALJ examine Plaintiff's medical records.

To determine whether a claimant is eligible for benefits, the ALJ must engage in a five-step sequential evaluation of claimant's work and medical history. 20 C.F.R. §§ 416.920, 404.1520; *Mastro*, 270 F.3d at 177. At the first step in that sequence, the ALJ must determine whether Plaintiff was working at the time of the application and if that work constituted SGA. 20 C.F.R.

§§ 416.920(b), 404.1520(b).  If the work constituted SGA, the analysis ends and the ALJ must find

Plaintiff "not disabled," regardless of any medical condition.  *Id.*

Regulations define SGA as work activity that is both substantial and gainful.  20 C.F.R.

§§ 404.1572, 416.972.  Substantial work is work that "involves doing significant physical or mental

activities" and "may be substantial even if it is done on a part-time basis."  20 C.F.R. § 404.1572(a).

Gainful work is work done for "pay or profit, whether or not a profit is realized."  20 C.F.R.

§ 404.1572(b).  Generally, gross earnings constitute SGA if those earnings are above a certain

figure specified in the regulations.  20 C.F.R. §§ 404.1574(a)(1), (b).  For calendar years 2009, 2010

and 2011, the specified, average monthly amounts to constitute SGA were $980, $1,000 and $1,000,

respectively.  Program Operations Manual System ("POMS") DI 10501.015 tbl. 2.  The regulations

further require that where an individual works and "there has been no change in the substantial

gainful activity earnings levels, [the Agency] will average [the individual's] earnings over the entire

period," but if the individual works "over a period of time during which the substantial gainful

activity earnings levels change, [the Agency] will average [the individual's] earnings separately for

each period in which a different substantial gainful activity earnings level applies."  20 C.F.R.

§§ 404.1574a(a)-(b).

Admittedly, the ALJ's decision contains calculation errors in determining Plaintiff's average

monthly earnings during the applicable time period; however, the Court will analyze those

calculation errors under a harmless error standard.  In *Sanders v. Shinseki*, a case involving review

of the denial of veterans' claims for disability benefits, the Supreme Court held that the harmless

error rule applies in similar fashion in both the civil and administrative contexts.  556 U.S. 396, 407

(2009).  Although the Fourth Circuit has yet to address the application of *Sanders* to Social Security

Disability cases in a published opinion, the Court in two unpublished opinions has applied the

harmless error doctrine when reviewing appeals denying benefits in Social Security cases. *See*

*Garner v. Astrue*, 436 F. App'x 224, 225 n.* (4th Cir. 2011) (unpublished) (finding drafting error to

constitute harmless error); *Morgan v. Barnhart*, 142 F. App'x 716, 723 (4th Cir. 2005)

(unpublished) (finding error by ALJ regarding time restrictions for sitting and standing to be

harmless).  Consequently, this Court believes that the harmless error rule set forth in *Sanders*

applies to Social Security Disability appeals; indeed, this Court has repeatedly applied the harmless

error rule in past Social Security appeals. *See Maitland v. Colvin*, 2013 WL 3788246, *12 (E.D.Va.

July 18, 2013); *Phelps v. Astrue*, 2012 WL 6803711, at *9 (E.D.Va. Dec. 10, 2012); *Nelson v.*

*Astrue*, 2012 WL 3555409, at *8-9 (E.D.Va. July 31, 2012).

Having determined that the harmless error rule applies, the question then becomes whether

the error here was harmless.  The burden establishing that the error was harmless rests on "the party

attacking the agency's determination." *Sanders*, 556 U.S. at 409.  As the Court in *Sanders*

elaborated:

> To say that the claimant has the "burden" of showing that an error was harmful is not
> to impose a complex system of "burden shifting" rules or a particularly onerous
> requirement . . . .  Often the circumstances of the case will make clear to the
> appellate judge that the ruling, if erroneous was harmful and nothing further need be
> said.  But, if not, then the party seeking reversal normally must explain why the
> erroneous ruling caused harm.

*Id.* at 410.  Thus, when reviewing a decision for harmless error, a court, among other things, must

look at:

> an estimation of the likelihood that the result would have been different, an
> awareness of what body . . . has the authority to reach that result, a consideration of
> the error's likely effects on the perceived fairness, integrity, or public reputation of
> judicial proceedings, and a hesitancy to generalize too broadly about particular kinds
> of errors when the specific factual circumstances in which the error arises may well
> make all the difference.

*Id.* at 411-12.   And "where the circumstances of the case show a substantial likelihood of prejudice, remand is appropriate so that the agency can decide whether reconsideration is necessary." *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2010).

### 1.   Plaintiff's Earnings

In this case, Plaintiff had two applicable periods during which he worked, requiring that the Agency use two different earning figures to determine whether Plaintiff engaged in SGA.   For calendar year 2009, earning a monthly average of $980 constituted SGA.   POMS DI 10501.015 tbl. 2.   For calendar years 2010 and 2011, the average monthly earnings constituting SGA increased to $1,000.   *Id.*   Accordingly, the Court will first look to the average monthly earnings between calendar years 2010 and 2011, and then to the average monthly earnings from calendar year 2009. *See* 20 C.F.R. §§ 1574a(a)-(b) (requiring that average earnings be viewed separately where periods apply different SGA earning figures).

### a.   2010-2011 Earnings

Regarding the 2010 earnings, the ALJ noted that Plaintiff earned $14,350.43 that year.   (R. at 12.)   In reviewing Plaintiff's earnings from January 2011 to November 2011, the ALJ noted that Plaintiff earned $15,022.08 during that period.   (R. at 12.)   Using the ALJ's numbers, Plaintiff earned $29,372.51 over the applicable twenty-three month period.   This results in average monthly earnings of $1,277.07 — above the regulatory minimum of $1,000 to constitute SGA.

The record shows, however, that Plaintiff earned $14,530.43 in 2010.   (R. at 148, 157.) Further, the record shows that Plaintiff earned $13,282.08 in wages from 1512 Limited during the eleven-month period during 2011.   (R. at 189.)   Plaintiff's testimony supports the record, because Plaintiff admitted to working at 1512 Limited during the two years before the hearing.   (R. at 26-27.)   Using the total from the record, Plaintiff earned $27,812.51 over the twenty-three month

14

period from January 2010 through November 2011. This results in average monthly earnings of $1,209.24 — well above the regulatory minimum of $1,000 for the applicable period. The Court finds that the discrepancies in calculation are harmless error, because the ALJ would not have reached a different conclusion using the numbers reflected in the record.

As shown above, using the ALJ's calculations, the average monthly earnings for the twenty-three month period from January 2010 through November 2011 was $1,277.07. Using the numbers supported by the record for the applicable period, the average monthly earnings were $1,209.24. While the monthly averages differ by $67.83, both are substantially above — over $200 above — the regulatory minimum for monthly average earnings of $1,000 to constitute SGA during the applicable period. Because both calculations result in average monthly earnings substantially above the regulatory minimum, the ALJ would not have reached a different conclusion.

### b. 2009 Earnings

The ALJ looked to Plaintiff's reported earnings for 2009, which totaled $6,148 for the six months that Plaintiff worked that year. (R. at 12.) The record reflects that Plaintiff's total income for that year was $6,148.05. (R. at 156.) Therefore, the ALJ determined that Plaintiff's average monthly income for a six-month period would equal $1,024.67 — in excess of the regulatory minimum of $980.

However, Plaintiff reported working for seven months in 2009, rather than the six months that the ALJ used to determine Plaintiff's average monthly income. (R. at 193.) When calculated for the appropriate seven-month period, Plaintiff averaged monthly income totaled $878.29 — below the regulatory minimum. Because Plaintiff's monthly average was below the regulatory minimum from June 2009 through December 2009, Plaintiff did not participate in SGA during that

seven-month period. However, the calculation error was harmless, because substantial evidence supports that Plaintiff failed to participate in SGA for a continuous twelve-month period.

   2. Plaintiff did not fail to participate in SGA for a continuous twelve-month period.

   Although the ALJ miscalculated the average monthly earnings for the seven-month period in 2009, which resulted in average monthly earnings below the regulatory minimum for SGA, Plaintiff still must show that he did not participate in SGA for a continuous, twelve-month period. The Act defines disability as the "inability to engage in any substantial gainful activity  . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ determined that no continuous, twelve-month period existed in which Plaintiff had not participated in SGA. Substantial evidence supports the ALJ's determination.

   As the Court has already determined, substantial evidence supports the ALJ's determination that Plaintiff participated in SGA from January 2009 through November 2011. Even if Plaintiff was not participating in SGA from June 2009 through December 2009, there could be no continuous, twelve-month period during which Plaintiff did not participate in SGA, because Plaintiff, at the latest, began participating in SGA in January 2010, lasting through the date of the hearing. Therefore, the longest continuous period of not participating in SGA would have been seven months, from June 2009 until January 2010. As such, substantial evidence supports the ALJ's determination that there was no continuous, twelve-month period in which Plaintiff had not participated in SGA. Thus, the ALJ did not err in finding that Plaintiff was not disabled at step one of the sequential analysis.

3. Because substantial evidence supports the ALJ's SGA determination, the ALJ did not err in failing to consider Plaintiff's medical records.

The ALJ must conduct a five-step sequential analysis when determining whether Plaintiff is disabled under the Act. However, the analysis must end at step one if the ALJ determines that Plaintiff engaged in SGA. 20 C.F.R. §§ 416.920(b), 404.1520(b). In this case, the ALJ determined that Plaintiff had engaged in SGA and ended the five-step sequential analysis. Because substantial evidence supports the ALJ's determination that Plaintiff engaged in SGA during the applicable period and no continuous twelve month period existed during which Plaintiff had not engaged in SGA, the regulations required that the ALJ find Plaintiff "'not disabled,' regardless of any medical condition." 20 C.F.R. §§ 416.920(b), 404.1520(b). The ALJ, therefore, did not err in failing to examine Plaintiff's medical records, because the Act required that the ALJ end his analysis after determining that Plaintiff engaged in SGA.

D. Plaintiff's objection to VE testimony is inappropriate.

In Plaintiff's Response to Motion for Summary Judgment (ECF No. 20), Plaintiff argues that error existed, because the VE's testimony to the ALJ did not include "who the employers were, nor how many of the jobs [were] located in the area where [Plaintiff] reside[d]." (Pl.'s Resp. at 2.) No such requirement to name specific employers exists. Even while such testimony about specific employers is not required by the Act, objection to the VE testimony is irrelevant.

As detailed above, the ALJ must conduct a five-step sequential analysis when determining whether Plaintiff is disabled under the Act. However, the analysis stops at step one if the ALJ determines that Plaintiff engaged in SGA. 20 C.F.R. §§ 416.920(b), 404.1520(b). VE testimony does not occur in the sequential analysis until the fifth and final step — after the ALJ has determined that the other four steps have been satisfied. The Court has already determined that

17

substantial evidence supports the ALJ's determination at step one of the sequential analysis. Because regulations require that the analysis end at step one if the ALJ determines that work constitutes SGA, it would have been inappropriate for the ALJ to continue his analysis to the fifth and final step, where the ALJ would have analyzed VE testimony.  Because substantial evidence supports the ALJ's step one determination, any objection to VE testimony, even if improper, is irrelevant.

## VI.  CONCLUSION

For the reasons set forth herein, the Court recommends that Plaintiff's Motion for Summary Judgment (ECF No. 10) be DENIED; that Defendant's Motion for Summary Judgment (ECF No. 18) be GRANTED; and that the final decision of the Commissioner be AFFIRMED.

Let the Clerk forward a copy of this Report and Recommendation to the Honorable Henry E. Hudson, to Plaintiff at his address and to all counsel of record.

## NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.**

_____ /s/
David J. Novak
United States Magistrate Judge

Richmond, Virginia
Dated:  January 30, 2014